**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CEDRIC REID,**

            **Plaintiff,**

      **-vs-**                                           **12-CV-393**

**D. NAPOLI, et al.,**

            **Defendants.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #19.

Plaintiff, a former inmate in the care and custody of the New York State Department of Corrections and Community Services ("NYSDOCCS"), commenced this action pursuant to 42 U.S.C. § 1983 on or about May 2, 2012, alleging various violations of his constitutional rights by officials at the Southport Correctional Facility and Elmira Correctional Facility. Dkt. #1.

By Order entered July 22, 2013, the Court scheduled a preliminary pretrial conference on August 20, 2013. Dkt. #15. The Order advised plaintiff, *inter alia*, that

> failure to respond to this order or to otherwise comply with the Federal Rules of Civil Procedure or any other order of this Court may result in a dismissal of this action on the merits. It is the plaintiff's responsibility to keep the Court informed of his/her current address.

Dkt. #15, pp.2-3.  The conference was conducted by telephone as scheduled, resulting in the issuance of a Case Management Order setting July 31, 2014 as the deadline for completion of fact depositions, directing plaintiff to submit a written settlement demand to defendants' counsel no later than August 8, 2014; and scheduling a telephone settlement conference on September 8, 2014.  Dkt. #17.

On July 3, 2014, the Assistant Attorney General ("AAG"), served plaintiff with a Notice to Take Deposition.  Dkt. #22.  The deposition notice was returned to the AAG with the following notation: Released - no forwarding Address on file"  Dkt. #24, p.11.

A motion to dismiss for lack of prosecution was filed on July 23, 2014.  Dkt. #23.  The text order scheduling the motion was returned to the Court on August 6, 2014 with the following notation: Released - no forwarding Address on file."

NYSDOCCS Inmate Locator indicates that plaintiff was released from NYSDOCCS custody on March 1, 2014.  *See* http://nysdoccslookup.doccs.gov.

### DISCUSSION AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides that

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

However, the Court of Appeals for the Second Circuit has required district courts to afford *pro se* plaintiffs "special leniency regarding procedural matters" and "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Id.* (internal quotation omitted). As a result, a district court contemplating dismissing a plaintiff's case for failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *LeSane*, 239 F.3d at 209.

      Plaintiff has had no communication with the Court since the preliminary pretrial conference on August 20, 2013. Despite receipt of an Order advising plaintiff that of his responsibility to keep the Court informed of his current address and warning him that his failure to comply with an Order of the Court could result in dismissal of his case, plaintiff failed to provide the Court with an address following his release from incarceration; failed to provide the AAG with a written settlement demand as provided in

the Case Management Order, and failed to appear for the settlement conference scheduled during the preliminary pretrial conference and set forth in the Case Management Order.  As a result, the Court can only conclude that plaintiff has lost interest in the prosecution of this action.

To hold this action in abeyance until plaintiff deigns to contact the Court would undermine the Court's ability to manage its caseload and prejudice defendants' interest in resolving the allegations against them.  The Court cannot fathom any lesser sanction than dismissal which could preserve the integrity of the Court's authority over indigent, *pro se* litigants such as plaintiff.  To permit plaintiff's case to be held in abeyance until such time as plaintiff re-establishes contact with the Court would eviscerate the semblance of any procedural standards for *pro se* plaintiffs.

## CONCLUSION

Based on the foregoing, this matter is dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b).

**SO ORDERED.**

DATED:   Buffalo, New York
         October 2, 2014

    *s/ H. Kenneth Schroeder, Jr.*
H. KENNETH SCHROEDER, JR.
United States Magistrate Judge